UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>    Plaintiff,<br><br>    v.<br><br>J. ROSSI, et al.,<br><br>    Defendants. | No. 2:20-cv-1066 WBS DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims his rights were violated in connection with a rules violation report he received in June 2019. Presently before the court is plaintiff's motion to proceed in forma pauperis. (ECF No. 2.) For the reasons set forth below, the court will recommend that plaintiff's motion to proceed in forma pauperis be denied.

**I.    In Forma Pauperis Statue**

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action . . . [in forma paupers] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

1

may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007) (brackets in original)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

## II.     Has Plaintiff Accrued Three Strikes?

A review of actions filed by plaintiff reveal that plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless he was, at the time the complaint was filed, under imminent danger of serious physical injury. Judges in this court have previously found that plaintiff has accrued at least three strikes. See Ruiz v. Woodfill, E.D. Cal. Case No. 2:20-cv-0205 KJM AC P (ECF Nos. 4, 17); Adams v. Dept. of Corrections, E.D. Cal. Case No. 2:19-cv-2423 WBS EFB P (ECF Nos. 8, 12). The court takes judicial notice of those cases and plaintiff's prior filings described therein. MCIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986) (A court may take judicial notice of its own records and the records of other courts). Those cases include: (1) Ruiz v. McGuire, S.D. Cal. No. 3:16-cv-0388 AJB BLM (complaint dismissed with leave to amend for failure to state a claim, action was later dismissed for failure to file an amended complaint); (2) Ruiz v. Curry, E.D. Cal. No. 1:17-cv-1454 DAD SAB (case dismissed for failure to state a claim); and (3) Ruiz v. Curry, 9th Circuit No. 19-16456 (appeal dismissed as frivolous on November 22, 2019).[1] The strikes described all occurred prior to plaintiff's initiation of the present action on May 27, 2020.

---

[1] The court notes that this appeal challenged the dismissal of a different action than the one identified as plaintiff's second strike. See Ruiz v. Curry, E.D. Cal. No. 1:17-cv-1407 DAD SKO.

### III. Does Plaintiff Meet the Imminent Danger Exception?

Because plaintiff has accrued three strikes, plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The court has reviewed plaintiff's complaint. (ECF No. 1.) Therein plaintiff alleges that he received a false rules violation report ("RVR"). He claims that the RVR was improperly given to him because it was meant for the occupant of cell number 207, but plaintiff was assigned to cell 211 on the date the RVR was issued. (Id. at 4.) Plaintiff further alleges that he was denied due process because he was not given an interpreter during the hearing.

The allegations in the complaint fail to show that plaintiff was under imminent threat of serious physical injury at the time he filed the complaint. Accordingly, the court finds that plaintiff does not meet the imminent danger exception described in § 1915(g) and should only be allowed to proceed with this action if he pays the filing fee.

////
////
////
////

**IV.     Conclusion**

For the foregoing reasons, IT IS RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 5) be denied;

2. The court find plaintiff accrued three strikes under 28 U.S.C. § 1915(g) prior to filing this action; and

3. The court order plaintiff to pay the $400 filing fee in order to proceed with this action.

These findings and recommendations will be submitted to the United States District Judge Assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 2, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/ruiz1066.scrn

4