UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. ROSSI, et al.,<br><br>　　　　Defendants. | No.  2:20-cv-1066 WBS DB P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding pro se with a civil rights action.  Plaintiff claims his rights were violated in connection with a rules violation report he received in June 2019.  Presently before the court is plaintiff's motion to appointment of counsel.  (ECF No. 10.)

　　　　Plaintiff seeks the appointment of an attorney that speaks English and Spanish or an interpreter.  He claims that his Test of Adult Basic Education ("TABE") score is 0.0.  He further states that he does not understand the rules of court.

　　　　"'[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress . . . .'" <u>Tedder v. Odel</u>, 890 F.2d 210, 211-12 (9th Cir. 1989) (quoting <u>United States v. MacCollom</u>, 426 U.S. 317, 321 (1976)).  The court is unaware of any statute authorizing the expenditure of public funds for a court-appointed interpreter in a civil action.  Accordingly, to the extent plaintiff's motions seeks the appointment of an interpreter that request is denied.

////

1

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. The court finds that plaintiff's filings in this action indicate that he is capable of articulating his claims pro se. Additionally, at this stage of the proceedings[1] the court cannot make a determination regarding plaintiff's likelihood of success on the merits. Therefore, the court will deny the motion without prejudice.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 10) is denied.

Dated: December 30, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/ruiz1066.31

---

[1] On November 3, 2020, the undersigned issued findings and recommendations recommending that plaintiff's motion to proceed in forma pauperis be denied. (ECF No. 9.) Those findings are currently pending before the district judge assigned to this action.

2