UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>            Plaintiff,<br><br>      v.<br><br>J. ROSSI, et al.,<br><br>            Defendants. | No.  2:20-cv-1066 WBS DB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims his rights were violated in connection with a rules violation report he received in June 2019.  Presently before the court is plaintiff's motion for reconsideration of the court's denial of his motion to appoint counsel (ECF No. 11) and denial of his motion to proceed in forma pauperis (ECF No. 12).  For the reasons set forth below, the court will recommend that his motion be denied.

Plaintiff states that he speaks only Spanish and does not have any funds in his inmate trust account.  Much of plaintiff's motion is written in Spanish.[1]  Plaintiff argues that the court should not consider some of his prior cases as strikes because he was transferred several times interfering with his ability to pursue those cases.  He also claims he responded to court orders, but

---

[1] The court has endeavored to translate and consider the portions of this document that were written in Spanish.

1

1  inadvertently sent motions to the wrong court.  He further states that some of his motions were
2  not accepted because they were written in Spanish.  Finally, plaintiff reiterates his statement that
3  he does not have the funds to pay the filing fee and requests the court appoint an attorney or an
4  interpreter to assist him with this case.

5      Under Federal Rule of Civil Procedure 60, reconsideration is appropriate in three
6  instances: (1) when there has been an intervening change of controlling law; (2) new evidence has
7  come to light; or (3) when necessary to correct a clear error or prevent manifest injustice.  School
8  District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (1993).  Additionally, the local rules state that
9  a motion for reconsideration must demonstrate: "what new or different facts or circumstances are
10 claimed to exist which did not exist or were not shown upon such prior motion, or what other
11 grounds exist for the motion; and [] why the facts or circumstances were not shown at the time of
12 the prior motion."  E.D. Cal. R. 230(j)(3), (4).

13     Plaintiff has largely raised the same arguments in his motion for reconsideration as he did
14 in his December 3, 2020 motion objecting to the undersigned's findings and recommendations
15 and requesting the appointment of counsel.  (See ECF No. 10.)  In restating his prior arguments,
16 plaintiff has not shown any new evidence, different facts, or any change in law or circumstances
17 that would warrant reconsideration of prior court orders.  Accordingly, the court will recommend
18 that plaintiff's motion for reconsideration be denied.

19     For the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's motion for
20 reconsideration (ECF No. 13) be denied.

21     These findings and recommendations will be submitted to the United States District Judge
22 Assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days
23 after being served with these findings and recommendations, plaintiff may file written objections
24 with the court.  The document should be captioned "Objections to Magistrate Judge's Findings
25 and Recommendations."  Plaintiff is advised that failure to file objections within the specified
26 ////
27 ////
28 ////

2

1  time may result in a waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951

2  F.2d 1153 (9th Cir. 1991).

3  Dated: March 25, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/ruiz1066.recon