UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ, | No. 2:20-cv-1066 WBS DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| J. ROSSI, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims his rights were violated in connection with a rules violation report he received in June 2019. By order dated July 13, 2021 the District Court dismissed this action without prejudice. (ECF No. 19.) Presently before the court is plaintiff's motion for reconsideration of the court's dismissal of this action. (ECF No. 21.) For the reasons set forth below, the court will recommend that his motion be denied.

Nearly all of plaintiff's motion is written in Spanish.[1]  Plaintiff states that he does not speak English and has no legal training. (ECF No. 21 at 1.) He argues that the court made a mistake in determining that he accrued three strikes prior to filing this action. (Id. at 1-3.)

////

---

[1] The court has endeavored to translate and consider the portions of this document that were written in Spanish.

1

Finally, plaintiff reiterates his statement that he does not have the funds to pay the filing fee and requests the court appoint an attorney or an interpreter to assist him with this case. (Id. at 3.)

Under Federal Rule of Civil Procedure 60, reconsideration is appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (1993). Additionally, the local rules state that a motion for reconsideration must demonstrate: "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [] why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. R. 230(j)(3), (4).

Plaintiff has raised the same arguments he raised in his December 3, 2020 motion for reconsideration (ECF No. 10) and his February 12, 2021 motion for reconsideration (ECF No. 13). In restating his prior arguments, plaintiff has not shown any new evidence, different facts, or any change in law or circumstances that would warrant reconsideration of prior court orders. Accordingly, the court will recommend that plaintiff's motion for reconsideration be denied.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's motion for reconsideration (ECF No. 21) be denied.

These findings and recommendations will be submitted to the United States District Judge Assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

////
////
////
////
////
////

time may result in a waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 15, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil.Rights/R/ruiz1066.recon2